WESTMINSTER REALTY CO. *v.* REULING.

FORCIBLE ENTRY AND DETAINER—JURISDICTION—ISSUES—MORTGAGES.
In summary proceedings by mortgagor to obtain possession of
premises subject to trust mortgage with assignment of rents
clause, circuit court commissioner *held*, without jurisdiction
to determine whether mortgage had lost its trust character,
and matter of validity of assignments of rents clause by
virtue of which defendant trustee held possession.

Appeal from Wayne; Chenot (James E.), J. Submitted April 6, 1934. (Docket No. 59, Calendar No. 37,595.) Decided June 4, 1934.

Summary proceedings by Westminster Realty Company, a Michigan corporation, against Edwin K. Reuling to recover possession of land. Plaintiff reviews order of circuit court affirming dismissal of case by circuit court commissioner by appeal in the nature of mandamus. Writ denied.

*Samuel H. Rubin* (*Melba Levin-Rubin,* of counsel), for plaintiff.

*Butzel, Levin & Winston* (*Edward D. Quint,* of counsel), for defendant.

WIEST, J. This case was commenced before a circuit court commissioner to recover possession of premises under a complaint alleging plaintiff to be the owner and that "defendant is a trespasser under him." Defendant moved to dismiss the proceeding, alleging that, as trustee under a mortgage contain-

ing an assignment of rents, he was, of right, in possession and his right to so continue had been adjudged in three mentioned cases in the circuit court. Plaintiff countered by claim that defendant held all of the trust mortgage obligations and, therefore, had no right to possession. The commissioner held that he was without jurisdiction to adjudicate rights under the mortgage. Upon appeal to the circuit court the motion to dismiss was again pressed. The circuit judge, limiting consideration to matters within jurisdiction of a circuit court commissioner, made the same finding and dismissed the appeal. Plaintiff prosecutes an appeal in the nature of mandamus, asking that the circuit judge be directed to restore the appeal from the circuit court commissioner.

The record is unsatisfactory. No testimony was taken and, outside of the motion made before the circuit court commissioner and its supporting affidavit and renewal thereof in the circuit, we have but the colloquy in the circuit court. It is clear, however, from statements of counsel for plaintiff made before the circuit judge, that plaintiff cannot succeed unless the trust mortgage is adjudged to have become a mere mortgage as to an individual by reason of events subsequent to its execution and contrary to its import and terms. Such a determination commanded the exercise of judicial power not within the jurisdiction of a circuit court commissioner.

The circuit judge was in error in thinking the case was on the border line of trying title. Title, subject to the trust mortgage, is without question, so far as this case is concerned, in the plaintiff, but right to the rents and such possession as may be necessary for the collection thereof, is in defendant, unless and until the mortgage contract to such effect is held

void.   Such an issue is not within the scope of a summary proceeding to obtain possession.

Writ denied, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. BUTZEL, J., did not sit.